MARK A. SPRUANCE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 407, 2009.
Supreme Court of Delaware.
Submitted: September 24, 2009.
Decided: October 13, 2009.
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
Carolyn Berger, Justice
This 13th day of October 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Mark A. Spruance, filed an appeal from the Superior Court's June 26, 2009 order denying his sixth motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Spruance also appeals from the Superior Court's August 13, 2009 order denying his motion for transcripts at State expense. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In December 1992, Spruance was found guilty by a Superior Court jury of Attempted Robbery in the First Degree and Unlawful Sexual Intercourse in the First Degree. He was sentenced to a total of 28 years of Level V incarceration, to be followed by probation. This Court affirmed Spruance's convictions on direct appeal.[2]
(3) In this appeal, Spruance claims that there was insufficient evidence presented at trial to support his convictions and that the jury ignored evidence of his innocence. Spruance further claims that the Superior Court abused its discretion when it denied his motion for transcripts at State expense.
(4) When considering a postconviction motion under Rule 61, the Superior Court must first apply the procedural requirements of the Rule before reaching the merits of the petitioner's claims.[3] Here, Spruance's motion is clearly time-barred.[4] Moreover, the motion is procedurally barred because the evidentiary claim asserted therein has been asserted in previous postconviction motions[5] and Spruance has failed to demonstrate that the procedural bar should not be applied in the interest of justice.[6] We, therefore, conclude that the Superior Court did not abuse its discretion when it denied Spruance's postconviction motion and when it denied his motion for transcripts at State expense.
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there is no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Spruance v. State, Del. Supr., No. 56, 1993, Moore, J. (Mar. 25, 1994).
[3] Flamer v. State, 585 A.2d 736, 745 (Del. 1990).
[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(4).
[6] Super. Ct. Crim. R. 61(i)(4) and (5).